# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Shawn Lamar McFerren, | : | Case No. 3:11 CV 1677 |
| Plaintiff, | : | |
| v. | : | |
| Commissioner of Social Security | : | |
| Defendant. | : | **MAGISTRATE'S REPORT &** |
| | : | **RECOMMENDATION** |

## I. INTRODUCTION

United State District Court Judge Jack Zouhary referred the Motion for Attorney Fees under Equal Access to Justice Act (EAJA) to the undersigned Magistrate Judge for disposition (Docket No. 31).  Pending are Plaintiff's Motion for Attorney Fees, Defendant's Response and Plaintiff's Reply  (Docket Nos. 24, 29 & 30).  For the reasons set forth below, the Magistrate recommends that the Court grant Plaintiff's Motion for Attorney Fees.

## II. PROCEDURAL BACKGROUND.

Plaintiff's application for Social Security Disability Insurance Benefits (DIB) was denied initially and upon reconsideration (Docket No. 11, pp. 71-73, 76-78, 112-114 of 482).  After an administrative hearing that was conducted on June 4, 2010, the Administrative Law Judge (ALJ) rendered an unfavorable decision on June 25, 2010 (Docket No. 11, pp. 13-14, 56-58 of 482).  The

Appeals Council denied Plaintiff's request for review on June 10, 2011 (Docket No. 11, pp. 4-7 of 482).

Plaintiff filed a timely action seeking judicial review of the Commissioner's final decision on August 24, 2012 (Docket No. 1).  In a Report and Recommendation to the district court, the undersigned Magistrate recommended that the Commissioner's decision be reversed and the case remanded, pursuant to sentence four of 42 U. S. C. § 405(g), to the Commissioner with instructions to:

(1)     determine and make a finding as to Plaintiff's educational background (illiteracy or mental retardation or borderline intellectual functional capacity) even if supplemental or clarifying evidence must be obtained;

(2)     determine and make a finding whether given Plaintiff's educational background, 12.05A of the Listing was met.

(3)     determine and make a finding as to whether Plaintiff's educational background was consistent with the jobs specified by the VE or obtain a reasonable explanation for any variation;

(4)     properly assess and evaluate Plaintiff's impairments, including his educational background, in accordance with agency regulations and controlling law; and

(5)     determine if alternate jobs were available to Plaintiff in the economy considering age,
education, work experience and residual functional capacity.

(Docket No. 20, p. 33 of 34).

After review, Judge Zouhary adopted the Report and Recommendation in its entirety (Docket No. 22).  Plaintiff filed a timely Motion and Memorandum in support of his request for attorney fees (Docket No. 24).  Defendant opposes the award of attorney fees and therefore seeks an order denying the Motion (Docket No. 29).

### III.  STANDARD FOR AWARDING ATTORNEY FEES.

The EAJA, enacted in 1980, provides for an award of attorney fees to a party prevailing against the United States in a civil action when the position taken by the Government is not

2

substantially justified and no special circumstances exist warranting a denial of fees.  *Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 445 (6th Cir. 2009) (*citing* 28 U.S.C. § 2412(d)(1)(A); *see also Perket v. Sec. of H.H.S.*, 905 F.2d 129, 132 (6th Cir.1990)).  Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not "substantially justified," and (3) no special circumstances make an award unjust.  *Marshall v. Commissioner of Social Sec.*, 444 F.3d 837, 840 (6th Cir. 2006) (*citing I.N.S. v. Jean*, 496 U.S. 154, 158 (1990)).

One does not earn "prevailing party" status by simply obtaining a remand for further proceedings before the agency from which he appealed.  *Id.* (*citing Sullivan v. Hudson*, 490 U.S. 877, 887 (1989)).  To gain prevailing party status, the Supreme Court has determined that "enforceable judgments on the merits and court-ordered consent decrees create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Id.* (*citing Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (*quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989)); *see Farrar v. Hobby*, 506 U.S. 103, 114 (1992) ("[T]he prevailing party inquiry does not turn on the magnitude of the relief obtained.").

On a sentence four remand, the ALJ retains the discretion to grant or deny an award of benefits.  *Turner v. Commissioner of Social Sec.*, 680 F.3d 721, 723 (6th Cir. 2012).  Therefore, a sentence-four remand makes the plaintiff a "prevailing party" under the EAJA, *Id.* (*see Shalala v. Schaefer*, 509 U.S. at 300, 113 S.Ct. 2625), entitling the plaintiff to "fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party . . . " *Id.* (*citing* 28 U.S.C. § 2412(d)(1)(A)).

3

## IV. PLAINTIFF'S POSITION

1.      Plaintiff's net worth does not exceed $2,000,000.
2.      Plaintiff is a prevailing party and therefore eligible to receive an attorney fee award pursuant to 28 U. S. C. § 2412(d), as amended.
3.      The Commissioner's position in the underlying agency action was not substantially justified.
4.      Counsel spent a reasonable amount of time representing Plaintiff before this Court and at the administrative level.
5.      Plaintiff is entitled to an award at the statutory rate including an hourly adjustment under the consumer price index (CPI).
6.      No special circumstances exist in this case that would make an award unjust.

## V. DEFENDANT'S POSITION.

1.      The Government's position was substantially justified.
2.      In the alternative, Plaintiff's fee request is unreasonable.

## VI. ANALYSIS

### 1. PLAINTIFF'S ELIGIBILITY FOR A FEE AWARD.

Plaintiff argues that he meets the threshold requirement for an award of attorney fees.

Under 28 U. S. C. § 2412(a)(1), fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought against the United States, for the costs incurred in the litigation.  "Party" means an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. . . . 28 U. S. C. § 2412(2)(B) (Thomson Reuters 2012).

There is no dispute by Defendant that Plaintiff's net worth was less than $2,000,000 at the time the underlying action was filed.

### 2. PLAINTIFF IS THE PREVAILING PARTY.

Plaintiff argues that he succeeded in obtaining a sentence four remand.  Since federal court action ends with a sentence four remand, he is a prevailing party within the meaning of EAJA.

The Magistrate finds that Plaintiff was awarded a remand order pursuant to sentence four of

42 U.S.C. § 405(g).  He is unequivocally a prevailing party for purposes of the EAJA.

**3.      WAS THE DEFENDANT'S POSITION SUBSTANTIALLY JUSTIFIED?**

Because Plaintiff won a remand does not automatically translate into a presumption that the Commissioner's position was not substantially justified.  The parties have diverse views on whether Defendant's position was substantially justified.  Plaintiff contends that this Court cannot and should not view the Government's position as substantially justified as there is no basis for ignoring Plaintiff's true limitations and blatantly disregarding the statutory and regulatory requirements concerning key vocational factors.  Defendant argues that the remand was not based on failure to apply the sequential analysis correctly; the Court simply decided that the "ALJ's opinions on a few topics were not explicit enough."

By the terms of the EAJA, a prevailing party is not entitled to attorney's fees if "the court finds that the position of the United States was substantially justified.  *Scarborought v. Principi*, 541 U.S. 401 (2004) (*citing* 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B)).  The test for substantial justification is one of reasonableness, and the term has been defined by the Supreme Court to mean "justified in substance or in the main," that is, justified to a degree that could satisfy a reasonable person.  *Pierce v. Underwood*, 487 U.S. 552, 564–565 (1988).  In other words, the government has the burden to prove that it had a reasonable basis in law and fact to undertake the challenged action.  *Id.* at 566 n. 2.  There is no presumption that the government's position was not substantially justified simply because it lost the case.  *Id.*  An agency's violation of its own policy or regulations may provide a basis for a finding of lack of substantial justification.  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 541 (6th Cir.2004).

In the underlying administrative hearing and during judicial review, Plaintiff suggested that

under Sixth Circuit case law, the failure to consider him illiterate rendered the results inaccurate and any determination based therefrom, was not based on substantial evidence.  In arguing that his position was substantially justified for purposes of the EAJA application, Defendant reminds the Court that the ALJ properly discounted Plaintiff's level of educational attainment to account for his learning disability.  The ALJ determined that Plaintiff had a marginal education rather than being illiterate.

In support of his testimony, Plaintiff presented evidence which showed that the measurement of his functional illiteracy ran the gamut from severe intellectual impairment to mild mental retardation.  Plaintiff's school records showed that he manifested a deficit in his school performance and ability to read, demonstrating only a rudimentary level of comprehension.  There is no substantial justification for failing to consider Plaintiff's limited ability to read and write and its impact on the sequential analysis.  The ALJ erred in determining that Plaintiff had a learning disability without considering whether he was functionally illiterate.

The ALJ also failed to accurately assess whether Plaintiff's impairments met 12.05A of the Listing.  Despite the conflicts about the reliability of Plaintiff's intelligence quotients (IQ), Plaintiff obtained a full scale IQ score of 67 which indicated that his intellect was in the mentally retarded range.  The ALJ summarily dismissed this analysis for the reason that Plaintiff was capable of caring for his own personal needs.  The ALJ failed to consider whether Plaintiff had significantly sub-average general intellectual functioning with deficits in adaptive functioning that became apparent before age 22.

The Government's position was not substantially justified when the ALJ failed to comply with the applicable Social Security regulations.  There is no reasonable basis in law and fact that

would require the ALJ to totally discount considerations that were critical to determining Plaintiff's residual functional capacity and ultimately, the jobs that he could perform. The Magistrate concludes that since the Commissioner did not have a rational ground for failing to regard this part of the analysis material to steps four and five of the sequential evaluation required to determine disability under 20 C. F. R. §§ 404.1520 and 416.920, his decision was not substantially justified.

**4.    PLAINTIFF'S ENTITLEMENT TO AN AWARD OF ATTORNEY FEES.**

Since the Plaintiff has successfully met the threshold requirements and determined his entitlement to an award of attorney fees, the Magistrate now addresses the applicable standard for determining the amount of attorney fees to be awarded. Plaintiff has presented an itemized statement of hours and a reproduction of the United States Department of Labor Bureau of Labor Statistics Consumer Price Index (CPI) which can be obtained at the following website: http://www.bls.gov/data/# prices. Plaintiff seeks an order awarding attorney fees based on the number of hours reasonably expended on this litigation (26.6) multiplied by an enhanced hourly rate of $181.88. Defendant does not contest the number of hours expended. Defendant contends that Plaintiff's requested rate of reimbursement unreasonably exceeds the statutory cap of $125 per hour.

The party seeking an award of attorney's fees has the burden of proving that the number of hours for which compensation is sought was reasonably expended. *Perry v. Comm'r of Soc. Sec.,* 2011 WL 7096614, * 3 (N. D. Ohio 2011) (*citing Granzeier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999)). Counsel for the prevailing party should make a good faith effort to exclude from the fee request, hours that are excessive, redundant or otherwise necessary. *Id*. Hours may be cut for duplication, paddling or frivolous claims. *Id.* (*citing Holden v. Bowen*, 668 F. Supp. 1042, 1049 (N.D. Ohio 1986)). Beyond the allowances for duplicative services, the district court must identify

those hours and articulate the reasons for their elimination from hours of service adequately documented. *Id*. An award of fees for preparation of the fee application is compensable under EAJA. *Id.* (*citing Seymore v. Sec. of HHS*, 738 F. Supp. 235, 238 (N.D. Ohio 1990)). In the Northern District of Ohio, the attorneys of record have traditionally been awarded fees for expending approximately 25 hours to successfully defend the case and prepare the fee application. *Id.* (*See Hopkins v. Commissioner*, 3:07 CV 2121 and *McClanahan v. Commissioner*, 3:00 CV 7196).

The Magistrate has reviewed the schedule of services performed and adequately documented by Plaintiff's counsel. Counsel submits that 26.6 hours of attorney time were spent on the case before this district court including the preparation of the EAJA fee petition which is compensable pursuant to *Commissioner v. Jean*, 496 U. S. 154, 162 (1990). The number of hours submitted by counsel is reasonable and relevant to the prosecution of this matter. The Commissioner does not object to the 26.6 hours expended by counsel for Plaintiff in this litigation. In sum, the Magistrate recommends that Plaintiff is entitled to compensation for 26.6 hours of counsel's time.

The Magistrate must now address whether Plaintiff is entitled to an enhanced rate of $181.88 per hour for counsel's work. Since 1996 the fees awarded have not been in excess of $125 per hour unless the court determined that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. *Rodriguez v. Astrue.* 2012 WL 2905928, *4 (N.D.Ohio,2012) (*citing* 28 U.S.C. § 2412(d)(2)(A); *see Bryant v. Comm'r of Soc. Sec.,* 578 F.3d 443, 449–50 (6th Cir.2009)). The Sixth Circuit has held that the CPI, alone, is insufficient evidence to warrant an award of EAJA fees at a rate greater than $125. *Id*. at *5 (*citing Bryant*, 578 F.3d at 45). In requesting an increase beyond the $125.00 per hour rate cap under EAJA, the plaintiff bears the burden of producing appropriate evidence to

8

support the requested increase. *Id.* (*citing Bryant*, 578 F.3d at 450). That is, plaintiffs "must produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (*quoting Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). It is within the courts discretion to award EAJA fees at a rate greater than $125.00 per hour. *Id.* (*See Begley v. Sec'y of Health & Human Servs*., 966 F.2d 196, 199 (6th Cir.1992)). This Magistrate did not find any Sixth Circuit authority that requires a **specific** evidentiary showing to justify a cost-of-living increase in the EAJA fee rate.

In *Rodriguez,* United States Magistrate Judge Nancy Vecharelli suggested that the appropriate calculation for deviation from the statutory rate must be the "Midwest" CPI. It appears to be the more appropriate measure of the increase in the cost of living for purposes of EAJA in this district. *Id.* Although courts in this district have accepted cost-of-living increases based on the "U.S. City Average" CPI, they often did so because the final EAJA award remained reasonable and appropriate under the facts of those cases. *Id.* The "Midwest" CPI nevertheless appears more appropriate, as in this Circuit the prevailing parties must show that their requested rates are in line with those prevailing in the community, not the nation. *Id.* (*but see Jawad v. Barnhart,* 370 F. Supp. 2d 1077, 1085 (S. D. Cal, 2005) (holding that "the national index is the more appropriate source to determine the cost-of-living adjustment under the EAJA" because "the national CPI–U is not only consistent with the established trend in the Ninth Circuit, it is consistent with the plain language of 28 U.S.C. § 2412(d)(2)(A) itself").

Although Plaintiff's counsel failed to file an affidavit asserting that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation, counsel does list his experience and expertise in his Memorandum (Docket No. 24, p. 10 of 12).  Additionally, the Magistrate takes judicial notice that (1) David E. Friedes is one of a few lawyers with comparable skills, experience and reputation in the Toledo, Ohio legal community, who specializes  in matters of Social Security; (2) the average hourly billing rate of a sole practitioner in Toledo, Ohio in 2010 was $184; and (3) the CPI and a table from the Bureau of Labor and Statistics indicate an increase in the value of legal and clerical services over time.  Https://www.ohiobar.org//2010_Economics_of_Law_Practice_Study.pdf. and *Rodriguez, supra*, at *5 (*citing* Doc. Nos. 28–3 and 4).  The limited availability of qualified attorneys and Mr. Friedes' speciality and competence militate against denying Plaintiff an enhanced hourly rate based on the increase in the cost of living.

Plaintiff explains that the appropriate hourly billing rate under EAJA for services rendered each year is determined by dividing the CPI for the year in which services were rendered by the CPI for March 1996, and then multiplied by $125.  Plaintiff's calculation of his requested cost-of-living increase is based on the "U.S. City Average" for "all items" for "all urban consumers" in 2011 and 2012, the years during which his services were rendered.  Plaintiff explains that the EAJA rate in this case is 226.545 divided by 155.7 and the result multiplied by $125.00, for a total of $181.88 per hour.  The Magistrate finds this argument meritorious.  The evidence permits the reasonable inference that the value of legal services in this community since March 1996 has increased because of inflation; and a comparison to the average charged fees for services in this community supports a conclusion that the increased rate reflecting a cost-of-living increase between March 1996 and the end of 2010 is both reasonable and appropriate.  Except that the Magistrate proposes a calculation for a cost-of-living increase between March 1996 and the end of 2011 that is based on the

Department of Labor's CPI for "Midwest Urban" consumers, an index that reflects basic household goods and services related to urban Ohio populations.

At the end of 2011, the CPI for Midwest Urban consumers was 215.173.  Dividing this CPI by 151.70, the CPI from March 1996, a factor of 1.418 resulted.  Multiplying the factor of 1.418 by the 1996 hourly rate of $125.00, resulted in a new hourly rate of $177.30.  During 2011, counsel expended 3.7 hours of legal services.  The value of legal services rendered in 2011 is $656.01.

Similarly, for attorney services performed in 2012, the cost-of-living increase between March 1996 and August 2012, when the work was completed is 220.462.  Dividing this figure by 151.7, a factor of 1.453 resulted.  Multiplying the factor by 125.00 equals 181.66.  Counsel expended 22.9 hours during 2012, including the preparation of this EAJA motion.  The value of legal services rendered in 2012 is $4,160.

**5.**   **ARE THERE SPECIAL CIRCUMSTANCES THAT WOULD MAKE AN AWARD UNJUST?**

Neither party has presented facts or other evidence that persuades the Magistrate that there are special circumstances which would make the award of attorney fees unjust.  In conclusion, the Magistrate recommends that the Court order compensation for attorney fees.  Plaintiff does not seek an award for expenses.

### CONCLUSION.

For the foregoing reasons, the Magistrate recommends that the Court (1) grant Plaintiff's Motion for Attorney Fees, (2) award Plaintiff attorney fees in the amount of $4,816.01 and (3) terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:          December 3, 2012

11

**NOTICE**

Please take notice that as of this date the Magistrate's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to the report and recommendation within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure.  The objecting party shall file the written objection with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections, which fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v Walters,* 6338 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals.  In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.

12