IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Shawn Lamar McFerren, | Case No. 3:11 CV 1677 |
|     Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
|     Defendant. | |

Before this Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 32) recommending this Court grant Plaintiff's Application for Attorney Fees (Doc. 24) in the amount of $4,816 (Plaintiff requested $4,838). The Government filed an Objection (Doc. 39), contesting only the hourly rate the Magistrate Judge used to calculate Plaintiff's attorney fees. Plaintiff filed a Response (Doc. 40). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b), this Court has conducted a *de novo* review of the sole issue raised in the Government's Objection and finds the Objection to be well-taken. This Court adopts the portion of the R&R (Doc. 32) awarding fees but reduces the award to $3,325 for the reasons stated below.

The R&R recommends awarding fees for work performed by Plaintiff's counsel at rates of $177.30/hour in 2011 and $181.66/hour in 2012. The Government contends the proper rate for all work performed is the statutory rate of $125/hour.

Under the Equal Access to Justice Act ("EAJA"), the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A).

In requesting an increase in the hourly fee rate, plaintiffs "bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). To satisfy this burden, "[p]laintiffs must 'produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In the Application for Attorney Fees (Doc. 24), Plaintiff requests an increased rate of $181.88/hour for the 26.6 hours his counsel, David Friedes, worked on this case. In support of this request, Plaintiff attaches to his Application the Consumer Price Index ("CPI") from the Department of Labor (Doc. 24-2). Plaintiff did not file an affidavit from Friedes or any other evidence demonstrating that the $181.88/hour requested rate is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d at 450. Our Sixth Circuit squarely held in *Bryant* that submission of the CPI alone is insufficient: "Plaintiffs submitted only the Department of Labor's Consumer Price Index, arguing that the rate of inflation supported an increase in fees. **This is not enough**, and the district court did not abuse its discretion in denying Plaintiffs' requests." *Id.* (emphasis added).

Courts within this District have adhered to the mandate of *Bryant* and limited the rate to $125 where plaintiff fails to include evidence beyond the CPI. *See, e.g.*, *Allen v. Astrue*, 2012 WL 3637693, at *4 (N.D. Ohio 2012) (White, M.J.); *Epperson v. Comm'r of Soc. Sec.*, 2012 WL 5610774, at *4 (N.D. Ohio 2012) (Lioi, J.); *Adams v. Astrue*, 2012 WL 3144829, at *2 (N.D. Ohio 2012) (Burke, M.J.). Evidence required beyond the CPI must demonstrate that the upward adjustment comports with the prevailing rate in the community and is warranted. *See Kane v. Astrue*, 2012 WL 5357781, at *4 (N.D. Ohio 2012) (Lioi, J.) (awarding rate above $125 where plaintiff, in addition to

2

the CPI, "offer[ed] evidence demonstrating that counsel practice extensively in the area of social security law and that attorney Rose routinely charges $300 an hour for his services, and further cites to other decisions demonstrating that the rate requested is in line with rates awarded in actions in the community for similar services offered by lawyers of comparable skill and experience").

In his Response to the Government's Objection (Doc. 40), Plaintiff contends that statements contained within his Application for Attorney Fees are "tantamount to an affidavit" from counsel and explain why an enhancement in excess of $125/hour is warranted here. However, even construing Plaintiff's Application as an affidavit, Plaintiff has fallen short of what *Bryant* requires.

The Magistrate Judge, appropriately sympathetic to Plaintiff's Application, notes the deficiency in Plaintiff's Application (Doc. 32 at 8–9), but attempts to excuse and find the missing information by stretching "judicial notice" (Doc. 32 at 10) to find support for an enhanced rate. But, in the end, all Plaintiff has supplied is the CPI, and that is clearly not enough. Further, an experienced lawyer in this area of the law would, or certainly should, know the basic requirement of supplying an affidavit with the needed information required by statute and Sixth Circuit precedent.

Because Plaintiff has failed to carry his burden under *Bryant*, Plaintiff is limited to an EAJA fee at the statutory hourly rate of $125 ($125 x 26.6 hours). This Court awards Plaintiff attorney fees in the amount of Three Thousand Three Hundred Twenty-Five Dollars ($3,325).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 9, 2013